IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**FREDERICK MANAGEMENT**
**COMPANY, LLC, a limited liability**
**corporation formerly known as**
**St. James Management Company, LLC,**

      **Plaintiff,**

**v.**                                      **Case No.: 3:12-cv-03019**

**ARCH INSURANCE COMPANY,**
**a corporation, et al.,**

      **Defendants.**

## ORDER

On June 19, 2013, the parties appeared for a hearing on three Motions to Compel filed by Defendant, General Assurance of America, Inc. ("General Assurance"). After considering the arguments of counsel, the Court **SETS ASIDE** the Memorandum Order and Opinion entered on June 11, 2013. (ECF No. 156). For the reasons that follow, the Court **DENIES** Defendant's Motion to Compel answers to interrogatories, first set, (ECF No. 133); **GRANTS, in part,** and **DENIES, in part,** Defendant's Motion to Compel answers to interrogatories, second set; and **GRANTS, in part**, and **DENIES, in part,** Defendant's Motion to Compel answers to requests for production of documents, second set. (ECF No. 136).

    **A.**    ***Interrogatories, First Set (ECF No. 133)***

General Assurance served its first set of interrogatories on Plaintiff on March 14, 2013. (ECF No. 57). The parties did not stipulate to an extension; Plaintiff did not seek a

1

court ordered extension; and the scheduling order did not alter the time frames outlined in the federal discovery rules. Accordingly, Plaintiff's responses were due on or before April 18, 2013. Plaintiff did not respond to the discovery until April 23, 2013, five days late. General Assurance filed a timely motion to compel, arguing that Plaintiff waived all objections to the discovery by failing to raise them within the time frame allowed by the Federal and Local Rules of Civil Procedure. General Assurance requested an order compelling Plaintiff to fully and completely respond to Interrogatory Nos. 12, 13, 14, 15, and 16.

Given that Plaintiff did not object to the interrogatories in dispute, the waiver provision raised by General Assurance was something of a non-issue; however, the sufficiency of the answers was also challenged by General Assurance. Consequently, the Court reviewed the adequacy of each interrogatory response with the parties.

Plaintiff is a limited liability corporation; therefore, its officer or agent must furnish "the information available to" the company in response to interrogatories. Fed. R. Civ. P. 33(b)(1)(B). In the context of Rule 33(b)(1)(B), the term "available" may be used interchangeably with the phase "in the control of." *NewMarket Corp. v. Innospec Inc.,* Case No. 3:10-cv-503, 2011 WL 1306008 (E.D.Va., Apr. 1, 2011). Therefore, when answering interrogatories:

> The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representatives, whether personally known to the answering party or not. If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

*Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp.,* 264 F.R.D. 233, 238 (W.D.N.C.2010) (citations omitted). "The burden is on the [answering party] to make an inquiry and obtain information to answer the interrogatories." *Id.* at 239. Keeping this principle in mind, the Court found the answers supplied by Plaintiff to be complete at this time.

### *B.  Interrogatories, Second Set (ECF No. 135)*

General Assurance served Plaintiff with a second set of interrogatories on March 20, 2103, and the answers were due April 22, 2013. Plaintiff did not file a response until May 6, 2013, two weeks late. General Assurance filed a timely motion to compel, arguing that Plaintiff had waived its objections and moving the Court to order Plaintiff to fully and completely respond to the discovery requests. Having reviewed the questions and answers, the undersigned notes that Plaintiff objected to three of the nine questions, but provided information responsive to all of the interrogatories. Accordingly, the undersigned considered the sufficiency of the answers.

Upon examining each interrogatory response, the parties agreed that Interrogatory Nos. 4, 5, 6, 7, 8, and 9 should be supplemented given that additional information is now available to Plaintiff and the answer to Interrogatory No. 7 was based upon a misreading of the question. Accordingly, Plaintiff is **ORDERED** to supplement its answers to Interrogatory Nos. 4, 5, 6, 7, 8, and 9 on or before **July 3, 2013**.

### *C.  Request for Production of Documents, Second Set (ECF No. 136)*

General Assurance also served Plaintiff with requests for the production of documents on March 21, 2013, which again were answered late. General Assurance

moved to compel more complete responses to Request Nos. 1-9, 12-14, 16, 18-20, 34, 35, 44, 46, and 47, arguing that Plaintiff waived its objections, filed improper general objections, and offered contradictory responses that placed Plaintiff's credibility at issue and made it difficult for General Assurance to mount its defense; particularly, relating to the nature and amount of the damages claimed by Plaintiff. Of the responses provided by Plaintiff, objections were lodged only to Request Nos. 2-9.

Under Rule 26(b)(2)(C), the court may, by motion or on its own, limit the frequency or extent of otherwise appropriate discovery if the court determines that: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." This rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Management, Inc.,* 285 F.R.D. 350, 355 (D. Md. 2012) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D. Md. 2010)). The rule of proportionality often prevents the production of "marginally relevant evidence," because the burden on the producing party generally outweighs the anticipated benefit of the evidence. *St. John v. Napolitano,* 274 F.R.D. 12, 16 (D.D.C. 2011) (discovery is "not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably

become so.") (citation omitted); *See also Public Service Enterprise Group, Inc. v. Philadelphia Elec. Co.*, 130 F.R.D. 543, 551-52 (D.N.J. 1990).

Request for Production of Documents Nos. 2-9 seek detailed financial records from Plaintiff and Plaintiff's sister, or otherwise related, business enterprises. General Assurance argues that this information is relevant on the issues of mitigation of damages and consequential damages. Plaintiff argues that the financial information is not relevant because Plaintiff is not claiming the lack of available funds as a defense to the alleged failure to mitigate. Based upon the information currently before the Court, General Assurance's motion to compel responses to these requests is **DENIED**. However, the Court **GRANTS** General Assurance leave to file a supplemental motion to compel the production of financial information in the possession of Plaintiff and Plaintiff's sister, or otherwise related, business enterprises. General Assurance shall file its motion and supporting memorandum on or before **June 28, 2013**. Plaintiff shall have until **July 8, 2013** in which to file a memorandum in opposition to the motion, and General Assurance shall have until **July 10, 2013** in which to reply. Oral argument on the motion shall take place before the undersigned United States Magistrate Judge on **Friday, July 12, 2013 at 10:00 a.m.**

In regard to the remaining requests for documents, Plaintiff is **ORDERED** to supply to Defendants any documents currently in Plaintiff's possession that are responsive to the requests and that have not been previously produced. In particular, on or before **June 26, 2013,** Plaintiff shall provide Defendants with copies of photographs recently taken of the subject property. In the future, Plaintiff shall serve the Defendants with any additional responsive documents promptly upon Plaintiff's receipt of same.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED**: June 20, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge