IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FREDERICK MANAGEMENT
COMPANY, LLC, a limited liability
corporation, formerly known as
St. James Management Company, LLC,

                Plaintiff,

v.                                        CIVIL ACTION NO. 3:12-3019

ARCH INSURANCE COMPANY,
a corporation; FIRST COMMUNITY
BANK, a Virginia corporation;
GENERAL ASSURANCE OF AMERICA,
INC., a Virginia corporation; and COMPASS
CLAIMS SERVICE, INC., a foreign corporation,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Arch Insurance Company's Motion for Leave to Assert Cross-Claim Against Defendant General Assurance of America, Inc. (ECF No. 170). For the reasons stated below, the Motion is **GRANTED.**

**I.    Statement of Facts**

Plaintiff Frederick Management Company, LLC, commenced the instant litigation against Defendants following a roof collapse at Plaintiff's building and failed efforts to collect for this damage under a certain collateral protection policy. Compl., ECF No. 1. Defendant Arch Insurance Company ("Arch") subsequently filed an Answer to the Complaint on August 3, 2012. ECF No. 11. On June 24, 2013, Arch filed a Motion for Leave to Assert Cross-Claim Against Defendant General Assurance of America, Inc. ("GAA"). ECF No. 170 ("Arch's Mot."). In

making this request for leave to amend, Arch notes that a contractual agreement has existed between Arch and GAA since December 1, 2004. Pursuant to this so-called Agency Agreement, GAA would undertake certain duties for Arch, such as claims handling and administrative obligations, and GAA would defend and indemnify Arch for claims stemming from performance of those duties. *Id.* ¶¶ 3, 4. Arch alleges that on May 23, 2013, a GAA employee named Christina Lafoon gave deposition testimony indicating that GAA might not have performed its obligations under the Agency Agreement. *Id.* ¶ 6. Based on this revelation, Arch now seeks to amend its Answer to assert cross-claims against GAA. Arch includes as an exhibit to this motion a proposed Amended Answer and Cross-Claim, which includes cross-claims against GAA for breach of contract, contribution and indemnity. GAA filed a response opposing the motion, ECF No. 171 ("Resp."), and Arch filed a reply, ECF No. 179 ("Reply"). The motion is now ripe for resolution.

## II.     Standard of Review

The Federal Rules of Civil Procedure outline the requirements for cross-claims and procedures for amending pleadings. Rule 13(g) states that:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Under the Rules, a party may amend its pleadings—including for the purpose of adding a cross-claim—under certain circumstances. Rule 15(a)(2) states that, after the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Fourth Circuit has interpreted Rule 15(a), stating that "[t]his liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* (quoting *Laber,* 438 F.3d at 426 (internal quotation omitted)). This is consistent with the Supreme Court's elaboration decades ago: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Murray v. State Farm Fire & Cas. Co.*, 870 F. Supp. 123, 125-26 (S.D. W. Va. 1994) (internal citations omitted) (noting the court's "sound discretion" to grant a motion to amend pursuant to *Foman*, and that "[a] motion to amend under Rule 15(a) may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant").

### III. Discussion

Arch's Answer was filed on August 3, 2012, and Arch did not file this motion to amend until June 24, 2013, over ten months later. Arch justified this delay by representing that it "had no reason to believe that GAA was not performing its duties" until the deposition on May 23,

2013. Reply ¶ 3. Furthermore, after the deposition, Arch attempted to "resolve this issue without court intervention" before resorting to filing the pending motion. Arch's Mot. ¶ 13.

GAA opposes the amendment, noting that, per the Scheduling Order entered October 18, 2012, ECF No. 23, any motion to amend the pleadings was due by November 29, 2012. Furthermore, because the Agency Agreement had been in force since 2004, Arch has allegedly been aware of its right to indemnification and contribution from the very start of this litigation. Trial has already been continued once, and the time for discovery has nearly expired. Therefore, GAA argues, this amendment creates prejudice to GAA, and will delay the case. GAA additionally points out that Arch could instead pursue indemnification in a separate civil action.

The Court finds that Arch did not act in bad faith in seeking this amendment. Although the Agency Agreement has existed since 2004, and the instant litigation was commenced in 2012, Arch claims that it was not aware until May 2013 that there would be reason to actually bring a claim against GAA regarding performance of the Agreement. Although GAA argues that Arch has not timely pursued its claims, GAA offers no specific arguments about Arch's diligence. This is only the first amendment that Arch has sought, and therefore Arch has not demonstrated a "repeated failure to cure deficiencies." Furthermore, there is no indication that the amendment would be futile. GAA's argument that Arch could pursue the proposed cross-claims in a separate action supports this conclusion.

Considering the delay that amendment may cause, the Court notes that "[d]elay alone . . . is an insufficient reason to deny [a] motion to amend." *Laber*, 438 F.3d at 427. Because of this, the Court has the authority to allow amendment in some circumstances even after a judgment has

been entered. *See id; Sciolino*, 480 F.3d at 651. Here, the question of delay is closely related to the issue of prejudice to GAA.

When assessing the prejudice that amendment would cause to GAA, the Court must look to whether the cross-claims raise a new legal theory of recovery:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Laber*, 438 F.3d at 427 (citations omitted). Here, Arch is alleging a new legal theory of recovery—violation of the Agency Agreement, and indemnity and contribution. GAA claims that its right to conduct discovery on these claims is being denied, given the timing of this motion to amend so close to the end of discovery. Arch maintains, however, that "[t]he parties have fully discovered each and every document at issue with respect to this claim," and no additional written discovery is needed. Reply ¶ 2. Furthermore, Arch claims that the depositions scheduled for later this month will provide the needed information on these claims, and that no discovery outside of that will be needed.

Although this motion to amend does come on the eve of the end of discovery in this case, the Court finds that granting this motion to amend will not cause undue prejudice to GAA. Arch has represented that there is no need to conduct additional written discovery, and that the only potential sources of additional information are party representatives already scheduled for deposition later this month. GAA is not a new party to this litigation, but rather has been a defendant since the beginning, and therefore a part of the ongoing discovery. In the absence of specific allegations from GAA regarding additional discovery needed if these claims are added,

5

the Court finds that the amendment does not cause undue prejudice. Furthermore, as long as no additional discovery is needed, there is no indication that the amendment will cause undue delay of the trial, currently scheduled for February 2014. Although it may be true that Arch could pursue these claims in a separate action—a point which Arch does not dispute—the Court does not find this a sufficient reason to deny an amendment that is otherwise proper.

### IV. Conclusion

In view of the importance of freely giving leave when justice requires, and based on the analysis above, the Court **GRANTS** Arch's motion to amend (ECF No. 170), and **DIRECTS** the Clerk to file the attachment to that motion as the amended answer and cross-claims. However, should GAA become aware of specific additional discovery that is necessary for it to fully litigate these new cross-claims, the Court would be inclined to consider a motion for extension of discovery and/or to modify the Amended Scheduling Order.[1]

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 11, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[1] The Court notes that, under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."