**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**FREDERICK MANAGEMENT
COMPANY, LLC, a limited liability
corporation formerly known as
St. James Management Company, LLC,**

       **Plaintiff,**

**v.**                             **Case No.:  3:12-cv-03019**

**ARCH INSURANCE COMPANY,
a corporation, et al.,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Came the parties, by counsel, on the 12th day of July, 2013 for a hearing on the Supplemental Motion of General Assurance of America, Inc. to Compel the Production of Financial Information in the Possession of Plaintiff. (ECF No. 177). The parties fully briefed the relevant issues and presented oral argument to the Court. For the reasons that follow, the Court **DENIES** the supplemental motion to compel.

This action involves claims by Plaintiff arising from property damage to a building it owns in Richwood, West Virginia. Among other allegations, Plaintiff contends that the Defendant General Assurance of America, Inc. ("GAA") breached various duties it owed to Plaintiff when it failed to promptly and reasonably investigate the damage and failed to facilitate payment to Plaintiff of the proceeds of an insurance policy covering the property. Plaintiff states counts of negligence, breach of contract, common law bad faith, unfair claims settlement practices, unjust enrichment, equitable

1

estoppel, and civil conspiracy. GAA now seeks an order compelling production of financial documentation prepared by Plaintiff for the years 2010-2012. In support of its motion, GAA argues that this information is relevant to the issue of damages, as well as to GAA's affirmative defense of failure to mitigate damages.

Federal Rule of Civil Procedure 26(b)(1) allows a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevancy in the context of discovery is broad, but it is not boundless. *Unicasa Mktg. Group, LLC v. Spinelli,* 2007 WL 2363158, at *2 (D.N.J. Aug. 15, 2007). Even when requested discovery is relevant, the court may impose limits if the burdens of the proposed discovery outweigh its likely benefits "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii); *See also Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D.Md.2010) ("all permissible discovery must be measured against the yardstick of proportionality"). The court enjoys substantial discretion in granting or denying a motion to compel discovery responses.[1] *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.,* Inc., 43 F.3d 922, 929 (4th Cir.1995).

---

[1] Defendant GAA urges the Court to grant its motion to compel based, in part, upon the Plaintiff's untimely objections to the discovery requests. Under the Local Rules of Civil Procedure, Plaintiff was required to assert its objections within thirty days after service of the discovery upon it, or the objections would be deemed waived unless otherwise ordered for good cause shown. L.R.Civ.P 37.1(a). Plaintiff's objections were eleven days late; thus, GAA argues that they should not be addressed by this Court. The Court agrees that Plaintiff has not established good cause for its dilatory answers given that Plaintiff failed to seek an extension of the due date when it became clear that the answers would not be completed on time. Nevertheless, the Court finds good cause to consider the objections because "central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery." *Lynn v. Monarch Recovery Management, Inc.,* 285 F.R.D. 350, 355 (D.Md. 2012). Apart from and in addition to the parties' obligations, the Court has a duty to insure that discovery is conducted in accordance with the discovery rules. In light of the sensitive nature of the financial information requested in this case, the undersigned finds that Plaintiff must make an initial demonstration that the information sought is relevant before the Court will compel its production.

GAA argues that Plaintiff seeks "net economic loss" as an element of damages. According to GAA, in Plaintiff's initial disclosures, it listed its damages to include the costs of repairing the damage to the building in Richwood, the diminution of the property's value and ensuing damages resulting from GAA's failure to act promptly, and consequential damages associated with the building's loss of use. (ECF No. 177 at 6-7). GAA contends that in order for it to evaluate and defend against these claimed damages, it is entitled to review the Plaintiff's financial information for the relevant years.

At the hearing, Plaintiff admitted that it included these elements of damage in its initial disclosures, but has since determined that it is not entitled to recover them. Plaintiff represented to the Court and the adverse parties that it will seek as elements of damage only the following: payments on the loan secured by the building made by Plaintiff to Defendant First Community Bank after the damage occurred; the costs of cleaning up after the damage occurred (such as snow removal); the entire proceeds of the insurance policy; aggravation; inconvenience; attorney's fees and costs, and punitive damages. Plaintiff explicitly indicated that it would not seek damages for loss of use or for the cost of repairs to the building. Based upon Plaintiff's representations, the Court finds that the financial information[2] requested by GAA is not relevant to the issue of damages. Accordingly, the Court declines to compel production of the documents.

Next GAA argues that the income tax returns are relevant to the issue of mitigation of damages. GAA points to various sections of deposition testimony in which Plaintiff's corporate representatives implied that Plaintiff did not have the funds to make repairs to the building or refinance the property after the damage occurred. In

---

[2] GAA requested profit and loss statements and income tax returns. However, Plaintiff advised GAA that it has no profit and loss statements. Consequently, GAA sought production of Plaintiff's income tax returns for the years 2010-2012.

GAA's view, if Plaintiff intends to represent to the jury that it was financially unable to mitigate its damages, then GAA is entitled to obtain Plaintiff's financial information to demonstrate that the funds were, in fact, available.

In response, Plaintiff represented to the Court and the adverse parties that it did not intend to claim a lack of funds or a lack of financial capability to rebut GAA's claim that Plaintiff failed to mitigate damages. Based upon that representation, the Court finds that Plaintiff's financial documentation is not relevant to the issue of mitigation of damages. Because GAA has failed to demonstrate the relevancy of the requested information to the claims or defenses in this case, the Court denies the motion to compel their production.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** July 15, 2013.

Cheryl A. Eifert
United States Magistrate Judge